STATE OF NORTH CAROLINA EX REL. COMMISSIONER OF INSURANCE, APPELLEE v. NORTH CAROLINA RATE BUREAU, APPELLANT, IN THE MATTER OF A FILING DATED JULY 1, 1988 BY THE NORTH CAROLINA RATE BUREAU FOR REVISED AUTOMOBILE INSURANCE RATES—PRIVATE PASSENGER CARS AND MOTORCYCLES

No. 8910INS371

(Filed 20 March 1990)

1. **Insurance § 79.3 (NCI3d)— rate decreases ordered—underwriting profit improperly figured**

In ordering into effect rate decreases for automobile and motorcycle insurance the Commissioner of Insurance erred in declining to take into account dividends and deviations in figuring underwriting profit.

**Am Jur 2d, Insurance §§ 22, 30.**

STATE EX REL. COMR. OF INS. v. N.C. RATE BUREAU

[97 N.C. App. 644 (1990)]

**2. Insurance § 79.3 (NCI3d) — ratemaking case — insufficiency of findings to support underwriting profit figures**

The record failed to show how the Commissioner of Insurance arrived at his underwriting profit figures, and the case is remanded to allow the Commissioner to make findings which clearly show the facts upon which he based his order, how he resolved the conflicting evidence, and the specific consideration given to the material and substantial evidence which was offered.

**Am Jur 2d, Insurance §§ 22, 30.**

APPEAL by North Carolina Rate Bureau from Order of North Carolina Commissioner of Insurance entered 3 November 1988. Heard in the Court of Appeals 12 October 1989.

*Hunter, Wharton & Lynch, by John V. Hunter, III; and Parker, Sink & Powers, by E. Daniels Nelson, for plaintiff appellee.*

*Young, Moore, Henderson & Alvis, P.A., by Charles H. Young, Jr., Marvin M. Spivey, Jr., and R. Michael Strickland, for defendant appellant.*

COZORT, Judge.

The North Carolina Rate Bureau appeals an Order of the Commissioner of Insurance disapproving the Bureau's 1 July 1988 rate filing and ordering into effect overall decreases in the existing rates. We vacate and remand.

On 1 July 1988, the North Carolina Rate Bureau filed for rate level changes for private passenger automobile and motorcycle insurance. The filing indicated a need for an overall average rate increase of 6.4% for liability and physical damage coverages for non-fleet private passenger automobiles and an overall average rate level adjustment of − 0.3% for motorcycle liability and physical damage coverages. The Bureau's rate filing included a 5% provision for underwriting profit and contingencies which was based in part on an allowance for policyholder dividends and rate deviations.

In disapproving the filing, the Commissioner adopted expense provisions different from those used by the Bureau, reduced the uninsured/underinsured motorist rate, and adopted underwriting profit and contingency provisions of − 1.4% for liability coverage and + 2.3% for physical damage coverage. The Commissioner ordered

into effect rate decreases of 0.3% for automobile liability and 3.1% for automobile physical damage (an overall decrease of 1.4%) and rate decreases of 3.4% for motorcycle liability and 11.4% for motorcycle physical damage (an overall decrease of 5.8%).

On appeal, the Bureau contends that in setting his underwriting profit and contingency provisions, the Commissioner (1) failed to consider dividends and deviations as required by statute, (2) made insufficient findings to allow judicial review, and (3) selected underwriting profit figures that will not produce the 13%-15% rate of return which he found to be a fair and reasonable profit for the Bureau's member companies.

[1] The Bureau contends that the Commissioner's underwriting profit and contingency provisions are in error because he refused to consider the effects of policyholder dividends and downward rate deviations. On the record before us, we agree that the Commissioner erred in this respect. N.C. Gen. Stat. § 58-124.19 (recodified in 1988 as 58-36-10) requires that the Commissioner consider certain rating factors, including "a reasonable margin for underwriting profit and to contingencies" as well as "dividends, savings, or unabsorbed premium deposits allowed or returned by insurers to their policyholders, members, or subscribers." In his Order the Commissioner found that dividends and deviations were proper ratemaking criteria, yet he declined to take those criteria into account in figuring underwriting profit because (1) dividends and deviations are the result of discretionary business decisions made by the Bureau's member companies and cannot be assured or guaranteed and (2) the Bureau failed to trend or otherwise predict into the rate period the amount of dividends to policyholders or deviations from manual rates. These findings are insufficient to support the Commissioner's decision not to consider dividends and deviations. The payment of dividends and rate deviations are by nature the result of business decisions, and the Commissioner's Notice of Public Hearing failed to put the Bureau on notice of any trending requirement. *See* N.C. Gen. Stat. § 58-124.32 (recodified in 1988 as 58-36-70). We therefore vacate the ordered underwriting profit provisions and remand for a recalculation that includes an adjustment for dividends and deviations. *See State ex rel. Comm'r of Ins. v. North Carolina Rate Bureau*, 96 N.C. App. 220, 385 S.E.2d 510 (1989).

[2] The Bureau's second and third assignments of error raise related issues. First, the Bureau contends that the Commissioner did not

STATE ex rel. COMR. OF INS. v. N.C. RATE BUREAU

[97 N.C. App. 644 (1990)]

make sufficient findings to explain how he derived his underwriting profit figures. Second, the Bureau contends that the evidence shows that the underwriting provisions selected by the Commissioner will not produce a 14% overall return unless either investment income from capital and surplus is considered in violation of Article 36 (*see State ex rel. Comm'r of Ins. v. North Carolina Rate Bureau*, 300 N.C. 381, 269 S.E.2d 547 (1980)) or a premium to surplus ratio is used which does not accurately reflect the actual ratio of companies doing business in this State. In response to these contentions, the Commissioner fails to provide a meaningful analysis of the Commissioner's basis for arriving at the rate levels set forth in the Order of 3 November 1988. Rather, the Commissioner urges this Court to rely on the Commissioner's duty to make policy and judgment decisions.

In *State ex rel. Comm'r of Ins. v. North Carolina Rate Bureau*, 95 N.C. App. 157, 381 S.E.2d 801 (1989), this Court held that the Commissioner had not sufficiently explained the factual basis for his Order. In that case, however, the Commissioner selected underwriting provisions different from those of any other witness, and, given the divergence in statistics and methodology, the absence of further findings rendered review impossible. In the present case, however, the Commissioner selected underwriting provisions identical to those of witness Schwartz, and the record contains the underlying basis for Schwartz' results. However, Schwartz stated that his underwriting provisions were sufficient to produce a profit slightly in excess of 6.6%, or a 14% overall return minus investment income on capital and surplus. Although the Commissioner found that his underwriting profit would generate an overall return, without consideration of investment income from capital and surplus, of 14.4%, we are unable to determine from the record exactly how the Commissioner made such a finding. We remand to allow the Commissioner to make findings that clearly show the facts upon which he bases his order, how he has resolved the conflicting evidence, and the specific consideration given to the material and substantial evidence that has been offered. *See State ex rel. Comm'r of Ins. v. North Carolina Rate Bureau*, 95 N.C. App. 157, 381 S.E.2d 801 (1989); and *State ex rel. Comm'r of Ins. v. North Carolina Rate Bureau*, 75 N.C. App. 201, 331 S.E.2d 124, *disc. review denied*, 314 N.C. 547, 335 S.E.2d 319 (1985).

The Bureau's remaining assignment of error dealt with an alleged error in the Commissioner's calculation of the rate level

change for bodily injury liability. In oral argument before this Court, the error was conceded. On remand the Commissioner must adjust his order accordingly.

Vacated and remanded.

Judges PHILLIPS and LEWIS concur.